##### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF STRAFFORD, DECEMBER TERM,

## A. D. 1833.

## PAUL WINKLEY *versus* ANDREW N. HILL.

After a judgment, in a writ of entry, trespass for mesne profits, may be maintained without showing any entry under a writ of seizin, or otherwise.

TRESPASS FOR MESNE PROFITS. The cause was tried, upon the general issue, at January term, 1833, when the plaintiff, to maintain the issue, on his part, gave, in evidence to the jury, a judgment, recovered by him, in August, 1830, against the defendant, in a writ of entry, for seizin and possession of the close described, in the declaration, in this case ; but he showed no writ of seizin, executed, nor any entry by him, after the judgment.

*Christie*, for the defendant, objected, that an action of trespass for mesne profits did not lie after a judgment, in

a writ of entry ; at all events it did not lie until posses-sion was regained by a writ of seizin, or an entry.

But the court overruled the objections and a verdict having been returned in favor of the plaintiff, he moved for a new trial.

*Hale* and *I. Bartlett*, for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

At the common law, actual possession is, in general, necessary, in order to maintain trespass *quare clausum fregit.* A disseizee may maintain trespass against the dis-seizer, for the disseizin itself, but not for any injury done afterwards until he has gained possession by re-entry.

However, after a re-entry, the law, by a kind of *jus postliminii,* supposes the freehold and possession to have all along continued in the disseizee, and he may maintain trespass for the intermediate damages. 1 Chitty's Pl. 177 ; 11 Coke, 51.

At the common law, an heir, a devisee, or lessee cannot maintain trespass until an actual entry is made. Com. Dig. " Trespass," B, 3 ; 1 Ch. Pl. 176--177.

But in this state the law is otherwise, and in order to convey land, or maintain trespass, an actual entry is, in general, not necessary. A disseizee may convey land without an actual entry. 1 N. H. Rep. 178 ; 5 ditto, 188.

If an heir may maintain trespass, without showing an actual entry, it will be difficult to find a sound reason why a demandant, in a writ, may not, after judgment, maintain trespass for the mesne profits. The judgment settles, conclusively, the right of possession at the time it is rendered. 7 Cowen, 38.

We are of opinion that it was not necessary, in this case, to show a writ of seizin executed, nor an entry af-ter the judgment.

But it is said that trespass, for mesne profits, does not lie, after a judgment in a writ of entry. This exception

cannot prevail. The practice of maintaining trespass, in such a case, is too well established to be called in question. 2 Pickering, 473, and 505.

Osgood<br>v.<br>Hutchins et a

*Judgment on the verdict.*